UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

DEC 0 9 2015

[signature] CLERK

| | |
|---|---|
| BRIAN MICHAEL HOLZER,<br><br>    Plaintiff,<br><br>vs.<br><br>FRED LAMPHERE, HEATHER PLUNKETT, RON WHITE, DOUG PARROW, UNKNOWN BUTTE COUNTY SHERIFF'S DEPUTIES, UNKNOWN MEADE COUNTY SHERRIFF'S DEPUTIES, UNKNOWN SOUTH DAKOTA ASSISTANT ATTORNEY GENERALS,<br><br>    Defendants. | 5:15-CV-05085-RAL<br><br><br>OPINION AND ORDER DISMISSING COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL |

Plaintiff Brian Michael Holzer ("Holzer") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Holzer is an inmate at Mike Durfee State Prison in Springfield, South Dakota. The Court has "screened" this case pursuant to 28 U.S.C. § 1915A. For the following reasons, the complaint does not survive screening.

### I. FACTS ALLEGED IN THE COMPLAINT

In August 2012, Holzer gave Wes Neuenschwander permission to sell his assets. Doc. 1 at ¶ 8. Holzer was arrested in Iowa on rape charges and later transferred to Butte County Jail in South Dakota. Id. at ¶¶ 16, 35. Holzer revoked his permission to Neuenschwander and signed power of attorney to his

sister and mother. *Id.* at ¶ 18. Neuenschwander took some of Holzer's property and sold it. *Id.* at ¶ 10. Holzer told law enforcement in Butte, Meade, and Perkins counties about the situation and that he did not want Neuenschwander selling his property. *Id.* at ¶¶ 13, 19, 24. He also asked the South Dakota Attorney General's office for assistance, but they did not respond. *Id.* at ¶¶ 63-65.

Holzer filed a civil suit in state court in September 2014. *Id.* at ¶64. In August 2015, he filed a motion for default judgment in Butte County, South Dakota. *Id.* at ¶75. The default judgment was granted. *Id.* at ¶76. Holzer is currently attempting to execute the default judgment. *Id.* at ¶80.

Holzer filed this complaint on November 23, 2015. Doc. 1. He argues that defendants did not prosecute Neuenschwander and others for what he alleges was a theft of his possessions. *Id.* at ¶¶ 88-89. He claims that the defendants violated his rights under the Fifth and Fourteenth Amendments and specifically the equal protection clause. *Id.* In relief, he requests a declaratory judgment stating that defendants violated his rights as well as money damages. Doc. 1 at I-III. Holzer also moves this court to appoint counsel. Doc. 8.

## II.  LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835,

839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

### III. DISCUSSION

The complaint mentions the Fifth and Fourteenth Amendments as well as the equal protection clause, but does not set forth facts under any theory for a viable claim under the Fifth or Fourteenth Amendments. Holzer is not a member of a class or being discriminated against. He does not allege a process claim.

Instead of setting forth a viable cause of action under the Fifth or Fourteenth Amendments, Holzer's complaint essentially takes issue with the investigation of the alleged crime committed by Neuenschwander. Even if Holzer was constitutionally protected from this failure to investigate, the attachments to his complaint show fairly extensive investigations by the Butte

and Meade county sheriff's departments. The attachments also show that defendants took numerous steps to stop a potential crime from being committed. Defendants told Neuenschwander not to take Holzer's assets. Doc. 1 at ¶¶ 11, 20, 25. The Butte County Sherriff's Department catalogued Holzer's possessions. *Id.* at ¶ 22. Lamphere went to the Meade County Jail, spoke with Holzer, and called Neuenschwander to keep him from taking Holzer's possessions. *Id.* at ¶¶ 36-37. These documents also show defendants had a legitimate reason for failing to prosecute: they believed Neuenschwander had permission to sell the property.

Holzer's complaint at its core concerns a question over ownership of property and reimbursement for property taken by Neuenschwander. This is an issue for the state civil court. Holzer already has obtained a judgment in that court. *Id.* at ¶ 76.

While Holzer's complaint contains extensive facts, he does not allege a legal theory necessary to show how these defendants allegedly violated his constitutional rights. Holzer fails to state a claim upon which relief may be granted. His complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The court considers dismissal of this lawsuit a first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

4

be granted, unless the prisoner is under imminent danger of serious physical injury.

## IV. ORDER

Accordingly, it is ORDERED

1. Holzer's complaint, Doc. 1, is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Because the complaint is dismissed, Holzer's motion to appoint counsel, Doc. 8, is denied as moot.

3. This action constitutes the first strike against Holzer for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated December 9th, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5